IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-101-BO
No. 4:16-CV-76-BO

| | | |
|---|---|---|
| CYNTHIA MARQUEZ, ) | | |
| Petitioner, ) | | |
| ) | | O R D E R |
| v. ) | | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 38]. The government has moved to dismiss the petition, [DE 46], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On October 24, 2012, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count One), and laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count Two). [DE 12, 14]. On July 22, 2013, petitioner was sentenced to concurrent terms of 120 months' imprisonment on Counts One and Two. [DE 34]. Petitioner did not appeal her judgment.

On May 25, 2016, petitioner filed a motion to reduce her sentence, pursuant to 18 U.S.C. § 3582(c), [DE 40], which was granted by the Court on April 5, 2017. [DE 52]. Consequently, petitioner's sentence was reduced to concurrent terms of 96 months per count. *Id.*

On May 24, 2016, petitioner, proceeding *pro se*, filed the instant motion to vacate under 28 U.S.C. § 2255. [DE 38]. Petitioner challenges the calculation of her advisory guideline range

and alleges that she was improperly enhanced under USSG § 2D1.1. [DE 38 at 4]. The government moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. [DE 46].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

In her motion, petitioner challenges the calculation of her advisory guideline range and alleges that she was improperly enhanced under USSG § 2D1.1. [DE 38 at 4]. The Court first notes that petitioner entered into a plea agreement which contained a valid waiver appeal, [DE 14 at 1], and there is no indication that she did not enter that agreement knowingly and intelligently. A defendant's waiver of his right to appeal a conviction or sentence is valid and enforceable if such waiver was knowingly and intelligently made, *see United States v. Blick*, 408 F.3d 162, 168-171 (4th Cir. 2005), and if a party files an appeal despite a knowing and intelligent waiver of that party's right to appeal, the proper remedy is the dismissal of the appeal. *See United States v.*

2

*Marin*, 961 F.2d 493, 496 (4th Cir. 1992). There is no allegation by petitioner, nor is there any indication in the record, that petitioner was afforded ineffective assistance of counsel or that the government engaged in any misconduct that would warrant this Court's creating an exception to that waiver in this case. *See United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994).

Moreover, the Fourth Circuit Court of Appeals has recognized that a challenge to the application of the sentencing guidelines is not cognizable in a § 2255 proceeding. *United States v. Foote*, 784 F.3d 931, 931 (4th Cir. 2015), *cert. denied* 135 S.Ct. 2850 (2015) ("[B]y its terms, § 2255 does not allow for a court's consideration and correction of every alleged sentencing error."). A petitioner seeking relief under § 2255 must make one of four types of arguments:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. If the alleged sentencing error is neither constitutional nor jurisdictional, the district court lacks authority to review it unless it is "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333 (1974).

Petitioner does not allege, nor is there any indication in the record, of such a miscarriage of justice that would warrant collateral review of her sentencing. Petitioner's citation to *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), does not alter this analysis. *Molina-Martinez* simply addressed whether an incorrectly-calculated guideline range on direct review may affect a defendant's substantial rights and did not address whether a guidelines error may constitute a fundamental miscarriage of justice for purposes of collateral review. Instead, it is axiomatic that "errors or guideline interpretation or application ordinarily fall short of a miscarriage of justice." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999).

For these reasons, petitioner's challenge to the application of the sentencing guidelines to

her sentence fails to state a claim upon which relief can be granted and should be dismissed.

Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 46] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 38] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 19 day of April, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE